IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL L. WATTS | § | |
| VD. | § | CIVIL ACTION NO. 1:05cv531 |
| T.C. OUTLAW | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Michael L. Watts, an inmate confined at the Federal Correctional Complex, in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Petitioner brings the writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking a 1984 conviction obtained in San Mateo County, California. Petitioner asserts that his current sentence received from the United States District Court for the Central District of Illinois is improper because it was enhanced based on a prior conviction that is invalid, the 1984 San Mateo County conviction.

Petitioner asserts that he is bringing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has

1

previously filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 also challenging the 1984 San Mateo County conviction.  *See Watts v. Federal Bureau of Prisons*, No. 1:02cv329 (E.D. Tex. May 28, 2002).  The petition was denied by the district court on May 28, 2002.  *Id.*  It is also noted that has, on four occasions, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, each of which was denied.  *Id.*

Pursuant to 28 U.S.C. § 2241(d), a petitioner in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted.  Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

In this case, however, petitioner is not confined in the same state as he was convicted.  Petitioner was convicted and sentenced in San Mateo County, California which is located in the Northern District of California.  Further, petitioner's custodian is not his custodian regarding the sentence he is challenging.  Accordingly, this court is without jurisdiction to entertain this petition.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where

it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).  Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of California.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

    **SIGNED** this __18__ day of _____August_____, 2005.

                                            KEITH F. GIBLIN
                                            UNITED STATES MAGISTRATE JUDGE